NOTICE
Decision filed 12/18/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230834-U

NO. 5-23-0834

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 23-CF-7 |
| | ) | |
| JAMEER S. SCOTT, | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court failed to make the findings required by section 110-6.1(h); accordingly, we reverse the circuit court's detention order and remand for further proceedings.

¶ 2    The defendant, Jameer S. Scott, appeals the September 25, 2023, orders of the circuit court of Christian County entered via docket entry regarding his pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and

_____

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

setting effective date as September 18, 2023). For the following reasons, we reverse the circuit court's detention order of September 25, 2023.

¶ 3                                                I. BACKGROUND

¶ 4        On January 11, 2023, the defendant was charged by information with one count of residential burglary, a Class 1 felony, and one count of unlawful possession of a stolen motor vehicle, a Class 2 felony, in Christian County case No. 2023-CF-7. A warrant of arrest was issued setting the defendant's bond at $250,000, requiring the deposition of 10%, with no additional conditions of release. The defendant remained in pretrial detention.

¶ 5        On September 6, 2023, 12 days before the Act became effective, the State filed a verified petition to deny the defendant pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). On September 14, 2021, the defendant filed a motion to strike the State's verified petition to deny defendant's pretrial release arguing that the State cannot seek a remedy that does not yet exist under the law. The circuit court held a hearing on September 18, 2023. The State withdrew its motion to deny pretrial release filed on September 6, 2023, rendering the defendant's motion to strike moot.

¶ 6        On September 18, 2023, the defendant filed a motion to remove a monetary condition of pretrial release pursuant to sections 110-7.5(b) and 110-5(e) of the Code (*id.* §§ 110-7.5(b), 110-5(e)). The circuit court set the defendant's motion for hearing on September 21, 2023, at 2 p.m. Also on September 18, 2023, the State filed a new verified petition to deny defendant's pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1).

¶ 7        On September 25, 2023, the circuit court called the case for hearing. The parties argued their positions as to detention and conditions, as well as other issues not germane to our disposition

of this appeal. After hearing arguments on the section 110-6.1 petition to detain, the circuit court made the following oral pronouncement:

"THE COURT: As to the 6.1 petition, I'll grant the State's motion to detain pending resolution of the case. The Court's position is essentially this, the State has presented evidence by proffer[,] and I believe Mr. McWard [(counsel for the State)] to be an honest person[,] that [the defendant] broke into a little, old lady's house and stole her car, ultimately thereby rendering him a threat to other persons in the community. I'm going to order his detention."

¶ 8       After making its ruling on detention, the circuit court then heard argument from defense counsel on the defendant's motion to remove a monetary condition of pretrial release pursuant to sections 110-7.5(b) and 110-5(e) of the Code (*id.* §§ 110-7.5(b), 110-5(e). Defense counsel argued that section 110-7.5(b) applied to the defendant and he had requested a hearing pursuant to section 110-5(e). Counsel argued that the defendant had previously been ordered released if he had the ability to post $25,000 as his bond and thus there was no reason to detain him now.

¶ 9       The State asked the circuit court to make the same findings that it had made minutes before when ruling on the petition to detain. Further, the State sought that if the monetary provision of bail was removed that the defendant be detained without the ability to post bond. The circuit court ruled that the defendant would be detained without bond.

¶ 10      A review of the record on appeal does not reveal any written orders on the aforementioned pleadings and hearing other than those contained in the circuit court's docket entry. The circuit court's docket entry of September 25, 2023, states, *inter alia*, as follows:

"States Attorney McWard present; Defendant in custody of CCJ with PD Senger; proceed first on second motion to strike State's verified petition to deny defendant's pretrial release;

3

defendant's motion to strike is denied, proceed on State's verified petition to deny defendant's pretrial release and defendant[']s motion to remove monetary conditions of pretrial release; State makes proffer of proof and argument; defense attorney makes argument and completed her record; Court finds State has meet [*sic*] is [*sic*] burden by clear and convincing evidence that defendant is a threat to other persons and the community; defendant ordered detained"

¶ 11 The defendant filed a timely notice of appeal on October 4, 2023.

¶ 12                                    II. ANALYSIS

¶ 13 On appeal, the defendant argues multiple errors occurred in the circuit court. The defendant alleges, *inter alia*, that the circuit court failed to make a written order that summarized the court's reasons for concluding the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, as required by the Act. While the defendant acknowledges that this specific argument was not raised in the circuit court, he requests us to review it on appeal. We note that forfeiture is a limitation on the parties and not the reviewing court, and we "may overlook forfeiture where necessary to reach a just result or maintain a sound body of precedent." *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 94. We find that it would be inequitable to find the defendant forfeited this issue when case law and arguments on the change in the law had not yet been formed. Nonetheless, this only applies to the case before us, and we take no position on forfeiture in future cases.

¶ 14 Pretrial release is governed by the Act as codified in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). A defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. In order to detain a defendant, the State has the burden

4

to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense; that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk; and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

¶ 15 If the circuit court determines that the defendant should be denied pretrial release, 110-6.1(h) sets forth the requirements for the detention order. Section 110-6.1(h) provides, *inter alia*, as follows:

> "(h) Detention order. The court shall, in any order for detention:
>
> > (1) make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution[.]" *Id.* § 110-6.1(h).

¶ 16 In the present case, the circuit court did not enter a separate order of detention. The circuit court made a docket entry regarding the entire hearing of September 25, 2023, which stated as follows:

> "States Attorney McWard present; Defendant in custody of CCJ with PD Senger; proceed first on second motion to strike State's verified petition to deny defendant's pretrial release; defendant's motion to strike is denied, proceed on State's verified petition to deny defendant's pretrial release and defendant[']s motion to remove monetary conditions of pretrial release; State makes proffer of proof and argument; defense attorney makes

5

argument and completed her record; Court finds State has meet [*sic*] is [*sic*] burden by clear and convincing evidence that defendant is a threat to other persons and the community; defendant ordered detained; matter placed on scheduling order as follows: JT on November 6, 2023, at 8:30 a.m., Final PT hearing on October 24, 2023, at 8:30 a.m. Further, status hearing on motion to compel set for October 3, 2023, at 11:00 a.m."

¶ 17    A review of the report of proceedings of the hearing also revealed the absence of the circuit court's reasons for concluding, based on the specific articulable facts of the present case, that the defendant should be denied pretrial release, why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community or prevent the defendant's willful flight from prosecution. The circuit court made the following oral pronouncement:

"THE COURT: As to the 6.1 petition, I'll grant the State's motion to detain pending resolution of the case. The Court's position is essentially this, the State has presented evidence by proffer[,] and I believe Mr. McWard [(counsel for the State)] to be an honest person[,] that [the defendant] broke into a little, old lady's house and stole her car, ultimately thereby rendering him a threat to other persons in the community. I'm going to order his detention."

It appears that the circuit court detained the defendant based on the charge itself. Further, the circuit court failed to address why less restrictive conditions would not be appropriate.

¶ 18    The circuit court failed to comply with section 110-6.1(h). Accordingly, we reverse the circuit court's detention order contained within the docket entry of September 25, 2023, and remand for a new hearing on the defendant's motion to remove a monetary condition of pretrial

release. As the resolution of this issue is dispositive of the appeal, the other issues raised by the defendant will not be addressed.

¶ 19    Reversed and remanded.